**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE HOFSTETTER, on behalf of himself, and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>GOLD'S GYM SOUTHERN CALIFORNIA GROUP,<br><br>        Defendant. | Case No.:<br><br>CLASS ACTION<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227** *et seq.*<br><br>DEMAND FOR JURY TRIAL |

# INTRODUCTION

1. Wayne Hofstetter ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Gold's Gym Southern California Group ("Gold's Gym SoCal" or "Defendant"), in negligently, and/or willfully contacting Plaintiff through telephone calls and text messages to Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

# NATURE OF THE ACTION

2. Gold's Gym SoCal has fifteen (15) Gold's Gym locations within Southern California. These locations include North Hollywood, Hollywood, Downtown Los Angeles, Goleta, Thousands Oaks, Santa Barbara (Downtown), Santa Barbara (Uptown), Simi Valley, Culver City, Fullerton, West Covina, Valencia, Santa Ana, Arcadia and Montclair. The headquarters of Gold's Gym SoCal is located at is Arcadia branch at 400 South Baldwin Ave Suite 3000, Arcadia, CA 91007.

3. The TCPA strictly forbids nuisance calls and text messages exactly like those alleged in this Complaint – intrusive phone calls and text messages to private cellular phones, placed to numbers obtained without the prior express consent of the call recipients.

4. Gold's Gym SoCal violations caused Plaintiff and members of the Class actual harm, including aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited phone calls, as well as the violation of their statutory rights.

5.  Plaintiff and members of the Class suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Gold's Gym SoCal conduct, and is likely to be redressed by a favorable decision in this action.

6.  Plaintiff seeks an injunction stopping Gold's Gym SoCal from making unsolicited phone calls and sending unsolicited text messages, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

7.  Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff alleges a national class, which will include class members residing in different states than that of Defendant, providing jurisdiction under 28 U.S.C. § 1332(d)(2)(A).  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

8.  This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA, a federal statute.

9.  Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and 1441(a) because Defendant, at all times herein mentioned, was doing business in the County of Los Angles State of California and is located in Arcadia, California.

## PARTIES

10.  Plaintiff Wayne Hofstetter is, and at all times mentioned herein was, a resident of the State of Washington.  He is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

11. Defendant Gold's Gym SoCal maintains its principal place of business at 400 South Baldwin Ave Suite 3000, Arcadia, CA 91007. At all times mentioned herein, Gold's Gym SoCal was a "person" as defined by 47 U.S.C. § 153 (39).

12. Gold's Gym SoCal actively conducted and continues to conduct telemarketing campaigns for the purpose of soliciting the gym memberships.

13. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §§ 227 *et seq.*

14. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

15. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

16. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

1  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

17. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling,[4] the burden is on Defendant to demonstrate that Plaintiff provided prior express consent within the meaning of the statue.

18. A text message is a call under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

19. Further, as of October 16, 2013, express **written** consent is required to many any such telemarketing calls.[5]  The express written consent must be signed and be sufficient to show the consumer received clear and conspicuous disclosure of the significance of providing consent and must further unambiguously agree to receive future phone calls.[6]

## FACTUAL ALLEGATIONS

20. Commencing no later than September 18, 2016, Plaintiff began receiving unsolicited phone calls to his wireless phone ending in the number -0806, for which Plaintiff provided no consent to call.

21. The incoming calls from Gold's Gym SoCal received by Plaintiff came from the number (323) 462-2835, a number owned by Gold's Gym SoCal. Plaintiff

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (F.C.C. 2003) ("2003 FCC Order").

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 2008 WL 65485 (F.C.C. Jan. 4, 2008) ("2008 FCC Order").

[5] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 27 F.C.C.R. 1830, 1837 ¶ 18, 1839 ¶ 20, 1858 ¶ 71 (F.C.C. Feb. 15, 2012) ("2012 FCC Order").

[6] 2012 FCC Order at 1844 ¶ 13; *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009); *Gutierrez v. Barclays Grp.*, 2011 WL 579238, at *2 (S.D. Cal. Feb. 9, 2011).

had no previous relationship Gold's Gym SoCal, any Gold's Gym facility or any other gym for that matter.

22. During the initiating phone call to Plaintiff's cellular telephone, Plaintiff informed Gold's Gym SoCal that he is disabled and could not pursue any physical activity and thus would not be interested in a gym membership and to stop solicitations.

23. However, despite Plaintiff's efforts to prevent Defendant's solicitations, Plaintiff continued to receive unsolicited text messages from Defendant.

24. Plaintiff received at least nineteen (19) text messages or "SMS" messages from Defendant between the short time span of September 29, 2016 to December 30, 2016 from the number (323) 798-9442.

25. One of the newest types of bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

26. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS or "text" message call is successfully made, the recipient's cell phone rings or otherwise notes the receipt of the text message, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

27. The instantaneous nature of text message communication make it very appealing to telemarketers – and very annoying to consumer subjected to spam text messages.

28. Unlike more conventional advertisements, such text messages actually costs their recipients money, because cell phone users must frequently pay their

wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

29. The text messages received by Plaintiff here were generic and impersonal in nature.

30. For example, on December 29, 2016, at 12:57pm Plaintiff received a text message stating "Only $99 down and $19.95 / month at Gold's Gym Hollywood!! Reply for more info! – Ari from Gold's Gym SoCal."

31. Only a half hour later at 1:38pm he received an additional text message stating "LAST CHANCE to get $20 / month at Gold's Gym Hollywood!! Reply for more details. – Ari from Gold's Gym SoCal."

32. These unsolicited phone calls and text messages were placed to Plaintiff's wireless telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff's cellular telephone.

33. The existence of the ATDS is evidenced by the sheer volume of calls/text messages received by Plaintiff and Class Members, as well as the impersonal and generic nature of the text messages.

34. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

35. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36. Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

37. These telephone calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

39. Plaintiff represents, and is a member of the following Classes:

> **Auto-Dialer Class**: Any person in the United States who (1) Defendant or its agents placed a call; (2) to that person's cellular telephone number; (3) through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3); and (4) where Defendant has no record of prior express consent for such individual to make such call or where the individual revoked consent, within four years prior to the filing of the Complaint through the date of final approval.
>
> **Text Message Class**: Any person in the United States who (1) Defendant or its agents placed a text message call; (2) to that person's cellular telephone number; (3) through the use of any automatic telephone dialing system as set forth in 47 U.S.C. § 227(b)(1)(A)(3); and (4) where Defendant has no record of prior express consent for such individual to make such text message call or where the individual revoked consent, within four years prior to the filing of the Complaint through the date of final approval.

40. Defendant and its employees or agents are excluded from the Class.

41. Plaintiff does not know the exact number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

42. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and

invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

43. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

44. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact with respect to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or pre-recorded voice system, to any telephone number assigned to a cellular telephone service;

    b. Whether the equipment Defendant or its agents used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCAP;

    c. Whether Defendant or its agents systematically made telephone calls to persons featuring an artificial or pre-recorded voice;

  d. Whether Defendant or its agents systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;

  e. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations; and

  f. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

46. As a person that received at least one unsolicited telephone call and text message to his cell phone without prior express contest, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

47. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

48. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

49. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

50. This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect each of the Class members uniformly. Plaintiff's challenge to those practices hinges on Defendant's conduct with respect to the Class as whole, not on facts or law applicable only to Plaintiff.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227 *ET SEQ.*

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Each such telephone call and text message described herein was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to in effect make hundreds or thousands of phone calls and/or text messages simultaneously to lists of thousands of consumers' wireless phone numbers without human intervention.

53. The foregoing acts and omissions by Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

54. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

10
*Hofstetter v. Gold's Gym Southern California Group*
CLASS ACTION COMPLAINT

55. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227 *ET SEQ.*

56. Plaintiff incorporates by reference the above paragraphs 1 through 43 inclusive, of this Complaint as though fully stated herein.

57. Each such telephone call and text message was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to in effect make hundreds or thousands of phone calls simultaneously to lists of thousands of consumers' wireless phone numbers without human intervention.

58. The foregoing acts and omissions by Defendant and its agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. §§ 227 *et seq*.

59. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

60. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA,
47 U.S.C. §§ 227 *ET SEQ.***

61. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

63. Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL
VIOLATION OF THE TCPA, 47 U.S.C. §§ 227 *ET SEQ.***

64. As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

65. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

66. Any other relief the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: January 17, 2017      */s/ Ronald A. Marron*
　　　　　　　　　　　　　　By: Ronald A. Marron
　　　　　　　　　　　　　　**LAW OFFICES OF RONALD A. MARRON**
　　　　　　　　　　　　　　RONALD A. MARRON
　　　　　　　　　　　　　　ALEXIS WOOD
　　　　　　　　　　　　　　KAS GALLUCCI
　　　　　　　　　　　　　　651 Arroyo Drive

San Diego, California 92103<br>
Telephone: (619) 696-9006<br>
Facsimile: (619) 564-6665